IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ROBERT LEE WASHINGTON,  :
:
    Plaintiff,  :
:
vs.  :    1:04-CV-137 (WLS)
:
VETERANS OF FOREIGN WARS OF  :
THE UNITED STATES and VETERANS  :
OF FOREIGN WARS BARR-ALLEN  :
POST # 2785, INC.,  :
:
    Defendants.  :

## ORDER

Presently pending before the Court is Defendant Veterans of Foreign Wars of the United States' (hereinafter "VFW" or the "National") motion to dismiss. (Tab 18). Plaintiff is proceeding *pro se* and the Court notified Plaintiff of the necessity of responding to the motion. (Tab 19). Plaintiff has previously amended his complaint at the direction of the Court. (Tabs 7, 9). Plaintiff has also filed a response to VFW's motion to dismiss. (Tab 21). For the following reasons, Defendant's motion to dismiss Plaintiff's complaint against it (Tab 18) is **GRANTED.**

Plaintiff files a claim against the National organization and the local chapter for race discrimination. Plaintiff alleges violations of the 14th Amendment, Title VII and arguably Title VI. (Tabs 2, 9). Defendant argues that as a matter of law none of Plaintiff's allegations can violate the 14th Amendment, Title VII or arguably Title VI.

The Court notes that a motion to dismiss should not be granted unless it is clear from the pleadings that the plaintiff can prove no set of facts that would support his claim for relief. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997). Such motions are viewed with disfavor and rarely granted. Brooks, 116 F.3d at 1369. This Court is required to accept well pled allegations as true and is required to draw all inferences in favor of the Plaintiff.

A claim for racial discrimination made pursuant to Title VII requires that the Plaintiff have some type of employment relationship with Defendant. 42 U.S.C. §§ 2000e(b), 2000e-2(a); Llampallas v. Mini-Circuits, Inc., 163 F.3d 1236 (11th Cir. 1998). Plaintiff admits in his complaint, amended complaint, and response to the motion to dismiss that he is not an employee of the Defendant. (Tabs 2, 9, 21). Therefore, even if Defendant's actions were racially discriminatory, Plaintiff cannot obtain relief under Title VII because no employer/employee relationships exists between Plaintiff and Defendant. Accordingly, Defendant VFW's motion to dismiss the Title VII claim (Tab 18) is **GRANTED.**

Plaintiff also makes a claim for racial discrimination in violation of the 14th Amendment. In order to make a claim under the 14th Amendment, a plaintiff must show some state action on behalf the Defendant. Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232 (11th Cir. 2003). Plaintiff has not made any allegation or shown any state action on behalf of Defendant VFW that relates to Plaintiff. Even if Defendant's actions were racially discriminatory, without state action, Plaintiff cannot obtain relief under the 14th Amendment as alleged. Therefore, Defendant VFW's motion to dismiss the 14th Amendment claim (Tab 18) is **GRANTED.**

Lastly, Plaintiff arguably makes a claim for racial discrimination under Title VI. In order to recover for a violation of Title VI, a plaintiff must show that Defendant received federal funds. 42 U.S.C. 2000d; Shotz v. City of Plantation, 344 F.3d 1161 (11th Cir. 2003). Plaintiff has not made any allegation or made a showing that Defendant VFW receives any federal funding. Even if Defendant's actions were racially discriminatory, without the showing or allegation that VFW received federal funds, a claim under Title VI is barred as a matter of law. Therefore, Defendant VFW's motion to dismiss the Title VI claim (Tab 18) is **GRANTED.**

      **SO ORDERED**, this __19th__ day of August, 2005.

                                            /s/W. Louis Sands
                                            **W. LOUIS SANDS, CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**