**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| ROBERT LEE WASHINGTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 1:04-CV-137 (WLS) |
| | : | |
| VETERANS OF FOREIGN WARS OF | : | |
| THE UNITED STATES and VETERANS | : | |
| OF FOREIGN WARS BARR-ALLEN | : | |
| POST # 2785, INC., | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER**

Presently pending before the Court is Defendant Barr-Allen Post 2785 Veterans of

Foreign Wars Home Association, Inc.'s  (hereinafter "VFW" or  "Barr-Allend")  motion to

dismiss. (Tab 30).  Plaintiff is proceeding *pro se* and the Court notified Plaintiff of the

necessity of responding to the motion.  (Tab 32).  Plaintiff has previously amended his

complaint at the direction of the Court. (Tabs 7, 9).   It is not clear whether Plaintiff's

response (Tab 34) is a response to Barr-Allen's motion or is a motion for reconsideration of

the Court's previous order dismissing Plaintiff's claims against Veterans of Foreign Wars of

the United States (hereinafter "National"). (Tab 28).   National has interpreted it to be a

motion for reconsideration even though National acknowledges that Plaintiff calls it a

response to a motion to dismiss.  So as to give *pro se* Plaintiff the benefit of the doubt, the

Court will treat the filing as both a response to Barr-Allen's motion to dismiss and a motion

for reconsideration of the previous order granting National's motion for dismiss.  For the

following reasons, Barr-Allen's motion to dismiss Plaintiff's complaint against it (Tab 30) is

**GRANTED** and to the extent Plaintiff has moved for reconsideration of the order granting

National's motion to dismiss, the motion (Tab 34) is **DENIED.**

Plaintiff files a claim against the National organization and the Barr-Allen chapter

for race discrimination.  Plaintiff alleges violations of the 14th Amendment, Title VII and

arguably Title VI.  (Tabs 2, 9).  Defendant argues that as a matter of law none of Plaintiff's allegations can violate the 14th Amendment, Title VII or arguably Title VI.

The Court notes that a motion to dismiss should not be granted unless it is clear from the pleadings that the plaintiff can prove no set of facts that would support his claim for relief.  Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997). Such motions are viewed with disfavor and rarely granted.  Brooks, 116 F.3d at 1369.  This Court is required to accept well pled allegations as true and is required to draw all inferences in favor of the Plaintiff.

A claim for racial discrimination made pursuant to Title VII requires that the Plaintiff  have some type of employment relationship with Defendant.  42 U.S.C. §§ 2000e(b), 2000e-2(a); Llampallas v. Mini-Circuits, Inc., 163 F.3d 1236 (11th Cir. 1998). Plaintiff admits in his complaint, amended complaint, and response to the motion to dismiss that he is not an employee of the Defendant Barr-Allen. (Tabs 2, 9).  Therefore, even if Defendant's actions were racially discriminatory, Plaintiff cannot obtain relief under Title VII because no employer/employee relationship exists between Plaintiff and Defendant. Accordingly, Defendant Barr-Allen's motion to dismiss  the Title VII claim (Tab 30) is **GRANTED.**

Plaintiff also makes a claim for racial discrimination in violation of the 14th Amendment.  In order to make a claim under the 14th Amendment, a plaintiff must show some state action on behalf the Defendant.  Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232 (11th Cir. 2003).  Plaintiff has not made any allegation or shown any state action on behalf of Defendant Barr-Allen that relates to Plaintiff.  Even if Defendant's actions were racially discriminatory, without state action, Plaintiff cannot obtain relief under the 14th Amendment as alleged.  Therefore, Defendant Barr-Allens motion to dismiss the 14th Amendment claim (Tab 30) is **GRANTED.**

Lastly, Plaintiff arguably makes a claim for racial discrimination under Title VI.  In order to recover for a violation of Title VI, a plaintiff must show that Defendant received federal funds.  42 U.S.C. 2000d; Shotz v. City of Plantation, 344 F.3d 1161 (11th Cir. 2003).

Plaintiff has not made any allegation or made a showing that Defendant Barr-Allen receives any federal funding.  Even if Defendant's actions were racially discriminatory, without  the showing or allegation that Barr-Allen received federal funds, a claim under Title VI is barred as a matter of law.  Therefore, Defendant Barr-Allen's motion to dismiss the Title VI claim (Tab 30) is **GRANTED.**

Defendant National has interpreted Plaintiff's filing as a motion for reconsideration. (Tab 34).  Local Rule 7.6 requires that the filing of motions for reconsideration "be filed with the Clerk of court within ten (10) days after entry of the order or judgment."  L.R. 7.6. Further, a motion for reconsideration is generally limited to three circumstances: (1) where there is newly discovered evidence; (2) where there is a new development or change in case law; or, (3) where the Court needs to correct a clear error of law or fact.  Bryan v. Murphy, 246 F.Supp.2d 1256 (N.D.Ga. 2003).

In this case, the motion was filed more than ten days after the order was entered.  A review of the motion on the merits does not show any newly discovered evidence, a change in the law or that the Court needs to correct an error of law or fact.  Therefore, to the extent that Plaintiff's response can be deemed a motion for reconsideration, the motion (Tab 34) is **DENIED.**

**SO ORDERED**, this  28th  day of November, 2005.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**